UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT  FILED

2012 MAR 13  P 12: 40

U.S. DISTRICT COURT

ALAN WILLIAM GOLDER,         :
    petitioner,              :
                             :          PRISONER
    v.                       :    Case No. 3:11cv1869(AVC)
                             :
PETER MURPHY,                :
    respondent.              :

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Alan William Golder, currently confined at
the MacDougall-Walker Correctional Center in Suffield,
Connecticut, commenced this action for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254.  He challenges his state court
conviction for kidnapping, larceny and burglary.  Upon review of
the petition, the court noted that the petitioner did not appear
to have exhausted his state remedies on all grounds for relief
and afforded him an opportunity to show cause why the case should
not be dismissed for failure to exhaust state court remedies.
After reviewing the petitioner's response, the court concludes
that the petition should be dismissed without prejudice.

A prerequisite to habeas corpus relief pursuant to 28 U.S.C.
§ 2254, is the exhaustion of available state remedies.
O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. §
2254(b)(1)(A).  The second circuit requires the district court to
conduct a two-part inquiry.  First, a petitioner must present the
factual and legal bases of his federal claim to the highest state
court capable of reviewing it.  Second, he must have utilized all

available means to secure appellate review of his claims.  See
Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied,
544 U.S. 1025 (2005).

The petitioner asserts thirteen grounds in this petition:
(1) the prosecutor switched his two case numbers at sentencing so
the petitioner was sentenced on a charge of which he was
acquitted; (2) testimony of the state's witnesses was altered in
the transcripts; (3) the prosecutor knowingly used perjured
testimony to secure the petitioner's conviction; (4) statements
of the state's witnesses were withheld from the jury; (5) the
jury was not told that the state's witness received favorable
treatment in exchange for his testimony; (6) the prosecutor
coerced a witness to testify falsely; (7) illegal search and
seizure resulting from misrepresentations in the search warrant
application; (8) lack of probable cause resulting from
misrepresentations by the police in the search warrant
application; (9) the prosecutor knew one of the charges was not
supported by probable cause; (10) ineffective assistance of trial
counsel; (11) ineffective assistance of appellate counsel; (12)
the prosecutor tampered with jury selection; and (13) the
Connecticut appellate court denied the petitioner an impartial
appeal.

The petitioner stated his appellate counsel refused to
include all of the grounds that he sought to raise on direct

2

appeal of his conviction and that the appellate courts refused to entertain motions he filed, trying to assert these claims, because he was represented by counsel.  The petitioner also stated that he filed a motion seeking substitute counsel on appeal.

In the January 12, 2012 order, the court informed the petitioner that he must raise his claims before the Connecticut supreme court before filing a federal habeas corpus action.  <u>See</u> <u>Pratt v. Upstate Correctional Facility</u>, 413 F. Supp.2d 228, 237 (W.D.N.Y. 2006) (stating that petitioner must exhaust state remedies either on direct appeal or through collateral attack in state court before filing a federal habeas corpus petition (citations omitted)).  In Connecticut, claims of ineffective assistance of counsel must be raised through a state habeas corpus action.  <u>See</u> <u>State v. Leecan</u>, 198 Conn. 517, 504 A.2d 480 (1986).  The petitioner has not filed a petition for writ of habeas corpus in state court.  Thus, he has not raised his ineffective assistance of counsel claims before the state courts. In addition, the petitioner could have obtained the required state court review of all of the remaining claims by including them as reasons for counsel's ineffectiveness, rather than by trying to file *pro se* motions while he was represented by counsel, a practice not permitted by the state appellate courts.

After affording the petitioner the required opportunity to

address the exhaustion of state remedies, this court concludes
that the petitioner has not used all available means to obtain
review of his claim by the Connecticut supreme court. See Acosta
v. Artuz, 221 F.3d 117, 121-24 (2d Cir. 2000) (recognizing that
courts may not sua sponte raise nonjurisdictional defenses
without affording inmate "notice and an opportunity to be heard"
relative to the proposed dismissal). The petitioner has not
exhausted his state court remedies on any of the thirteen alleged
grounds for relief. Accordingly, the petition is **DISMISSED**
without prejudice for failure to exhaust state court remedies.
The petitioner may refile a federal habeas corpus action after
exhausting his state court remedies.

Because reasonable jurists would not find it debatable that
the petitioner failed to exhaust his state court remedies, a
certificate of appealability will not issue. See Slack v.
McDaniel, 529 U.S. 473, 484 (2000) (holding that when the
district court denies a habeas petition on procedural grounds, a
certificate of appealability should issue if jurists of reason
would find debatable the correctness of the district court's
ruling). The clerk is directed to enter judgment and close this
case.

SO **ORDERED** this ⟨12⟩TH day of March 2012, at Hartford,
Connecticut.                        /s/ Alfred V. Covello, USDJ

_____
Alfred V. Covello
United States District Judge

4